UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>) |
| RELIANCE MEDICAL TRANSPORT, INC., AMS OF WEST COLUMBIA, INC., DANNY SLOCUM, and JAMES RAYMOND HOBBS, individually and as personal representative of the Estate of JUDY ZEPP, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), pursuant to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, files this complaint for declaratory judgment against defendants, RELIANCE MEDICAL TRANSPORT, INC. ("Reliance"), AMS OF WEST COLUMBIA, INC. ("AMS"), DANNY SLOCUM ("Slocum"), and JAMES RAYMOND HOBBS ("Hobbs"), in his personal capacity and as personal representative of the Estate of JUDY ZEPP ("Zepp"), and states:

## NATURE OF ACTION

1. This is an action for declaratory judgment pursuant to to 28 U.S.C. § 2201. Atain seeks a judicial declaration that it has no obligation to defend or indemnify Reliance, Slocum, or AMS for a lawsuit filed by Hobbs, entitled *James Raymond Hobbs, et al., v. Reliance Medical Transport, et al.*, Case No. 2025CP2603480 (Horry County, South Carolina) (the "*Zepp* Lawsuit" or "*Zepp* Complaint").

2. Atain seeks a declaratory judgment regarding the absence of insurance coverage under Policy No. CIP449197, effective November 1, 2022 through November 1, 2023 (the "Policy") for the *Zepp* Lawsuit.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4. This Court has authority to grant Atain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FED. R. CIV. P. 57.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the *Zepp* Lawsuit and the insurance coverage dispute between Atain and Reliance concerning the *Zepp* Lawsuit occurred in this district.

6. All conditions precedent to bringing this action have occurred, or have been waived.

## THE PARTIES

7. Atain is a Michigan corporation with its principal place of business in Oakland County, Michigan. Atain is a Michigan surplus lines insurer under South Carolina Code, § 38-45-10, *et seq.*, and issued the Policy to Reliance.

8. Reliance at all times material held itself out to Atain as a corporation when in fact it is merely a fictitious name either doing business on behalf of Danny Slocum, individually, or doing business on behalf of AMS. Reliance is the named insured on the Policy and is a named defendant in the *Zepp* Lawsuit.

9. AMS was at all times material a South Carolina corporation with its principal place of business in West Columbia, South Carolina. At all times material, Danny Slocum was an officer or director of AMS. AMS is a named defendant in the *Zepp* Lawsuit.

10. Slocum is a South Carolina citizen who on information and belief was doing business as Reliance.

11. Hobbs is a South Carolina citizen. Hobbs filed the *Zepp* Lawsuit against Reliance and AMS in Horry County, South Carolina. He is also the personal representative of the Estate of Judy Zepp, who at all times material to the *Zepp* Lawsuit, was a citizen of South Carolina at the time she became deceased.

## THE *ZEPP* LAWSUIT

12. The *Zepp* Lawsuit arises from an alleged incident on or about August 11, 2023 in which Judy Zepp allegedly sustained injuries when Reliance's

employees were attempting to load Zepp into an auto for non-emergency medical transportation. Hobbs alleges that as a result of Reliance's employees' acts or omissions, the stretcher they were attempting to load into the auto tipped over, causing Zepp injuries that eventually resulted in her death.

13.     On April 18, 2025, Zepp's estate and personal representative, Hobbs, filed a complaint seeking damages for Zepp's injuries based on theories of negligence and negligent hiring, retention, and supervision, a copy of which is attached as **Exhibit B**.

14.     Hobbs alleges that on or about August 11, 2023, Zepp was scheduled for a medical appointment and ordered the services of Reliance to transport her from her home in Horry County to the medical appointment. **Ex. B, ¶ 12**.

15.     Hobbs alleges that Reliance dispatched a medical transport vehicle owned and operated by Reliance for the transportation of Zepp from her residence located at 9743 Small Drives in Myrtle Beach, South Carolina. **Ex. B, ¶ 13**.

16.     Hobbs further alleges that, upon arrival to Zepp's home, Reliance's agents and/or employees placed Zepp onto a stretcher to transfer her to Reliance's ambulance. **Ex. B, ¶ 15**.

17.     Hobbs also alleges that following the placement of Zepp onto the stretcher, Reliance's agents and/or employees turned the stretcher horizontally on

the street while transitioning from the driveway causing the stretcher to suddenly tip over dropping Zepp head first onto the pavement. **Ex. B, ¶ 16**.

18. Hobbs alleges that Reliance had a non-delegable duty to provide staff adequately trained and able to provide any routine and/or non-medical care to patients, and that they breached that duty by departing from prevailing professional standards of care and were thereby negligent, careless, grossly negligent, reckless, and negligent *per se*. **Ex. B, ¶¶ 21, 25**.

19. Hobbs further alleges that Reliance owed a duty to Zepp and others to hire only personnel and employees who were appropriate to act as managers, supervisors, nurses, and employees and not to hire personnel and employees who placed Zepp and others at a risk of being injured and harassed, and that Reliance breached their duties continually by hiring personnel and/or employees who committed the acts described in the *Zepp* Complaint and others, and Reliance had knowledge that these persons committed wrongful prior acts but failed to remedy the situation. **Ex. B, ¶¶ 30, 31**.

20. Hobbs further alleges that Reliance owed a duty to Zepp and others to supervise their employees and not to allow their employees and/or agents to place Zepp and others at a risk of being injured, and that Reliance breached that duty by failing to supervise their employees and personnel who committed the acts described in the *Zepp* Complaint and Reliance had knowledge that these

persons were likely to commit and/or did commit wrongful acts but failed to remediate the situation. **Ex. B, ¶¶ 32, 33**.

21. Hobbs further alleges that Reliance owed a duty to Zepp and others to investigate the wrongful and unacceptable conduct of their managers, employees, agents, and personnel and take appropriate action, having been on notice of their employees and/or agents unfitness and risk of harm to others, and that Reliance breached their duties by failing to undertake any appropriate investigation, discharge, remedial training, or reassignment of their employees and/or agents. **Ex. B, ¶¶ 32, 33**.

22. Hobbs seeks actual, special, consequential, and punitive damages in connection with the Zepp Lawsuit. **Ex. B, at p. 13**.

## THE ATAIN POLICY

23. Atain issued Policy No. CIP 449197 to Reliance as the sole named insured, effective November 1, 2022, to November 1, 2023 which includes a Commercial General Liability ("CGL") coverage part subject to a $1 million limit per occurrence and a $3 million aggregate limit of insurance, and a Professional Liability ("PL") coverage part, subject to limits of $1,000,000 per incident and $3,000,000 aggregate limit. **Ex. A, Declarations, Supp. Declarations, PL Coverage Part**.

24. The Policy identifies Reliance as a "corporation." **Ex. A, Declarations, Supp. Declarations**.

25. South Carolina Secretary of State has no record of "Reliance Medical Transport, Inc." being a registered corporation in South Carolina, as either a domestic or foreign corporation.

26. AMS is not named as an insured under the Policy. **Ex A, Declarations, Supp. Declarations**.

27. The Policy provides CGL coverage pursuant to Form No. CG 00 01 04 13, which includes the following pertinent provisions:

> **SECTION I - COVERAGES**
> **COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.  Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …
> >
> > b. This insurance applies to "bodily injury" and "property damage" only if:
> >
> > > (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory",

    (2)  The "bodily injury" or "property damage" occurs during the policy period …

**SECTION II - WHO IS AN INSURED**

**1.**  If you are designated in the Declarations as …

   **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders. …

  No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations. …

**SECTION V – DEFINITIONS** …

2.  "Auto" means:

   a.  a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

   b.  any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. …

28. The Policy includes Form No. AF 001 084 5/20, titled, "Professional Liability Coverage Part And Professional Liability Coverage Part Declarations," which provides, in pertinent part:

This form modifies the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

| COVERAGE | LIMITS OF | | |
|---|---|---|---|
| **D. Professional Liability** | $ 1,000,000    **Each Professional Incident**<br>$3,000,000    **General Aggregate** | | |
| **Description of Professional Services:**<br>NON-EMERGENCY MEDICAL TRANSPORTATION | **Premium Basis**<br>INCLUDED | **Rate**<br>INCLUDED | **Advance Premium**<br>INCLUDED |
| | **Total Advance Premium** | | |
| **FORMS AND ENDORSEMENTS APPLICABLE:**<br><br>**See General Liability Coverage Form** | | | |

    **A.**    The following is added to **SECTION I COVERAGES: COVERAGE D PROFESSIONAL LIABILITY**

        **1.**    **Insuring Agreement**

            **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this coverage part applies caused by a "professional incident". We may, at our discretion, investigate any claim or "suit" that may result. But:

                (1)    The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE** and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage D.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A, B and D.

  **b.** This insurance applies to "bodily injury", "property damage" and "personal and advertising injury" only if:

    (1) The "bodily injury", "property damage" or "personal and advertising injury" is caused by a "professional incident" that takes place in the "coverage territory"; and

    (2) The "professional incident" occurs during the policy period.

  **c.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury". …

**E.** All Exclusions in **SECTION I COVERAGES** and any amendments thereto, apply to **COVERAGE D** except for ISO form CG 21 67, Fungi or Bacteria Exclusion.

**F.** **SECTION VI – COMMERCIAL GENERAL LIABILITY CONDITIONS** 1 through 9, and any amendments thereto, apply to **COVERAGE D.** However, the first sentence of Condition 4.b.(2) is amended to read as follows:

When this insurance is excess, we will have no duty to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".

G. **SECTION V - DEFINITIONS** is amended to include the following definition:

"Professional Incident" means any negligent act or omission:

1. In the furnishing of healthcare services including the furnishing of food, beverages, medications or appliances in connection with such services and the post-mortem handling of human bodies but only of the type described in the "Schedule" of this coverage part.

2. In the rendering of any other professional services but only of the type described in the "Schedule" of this coverage part.

Any such act or omission together with the subsequent or related acts or omissions in providing the above services to any one person shall be considered one "professional incident". …

29. The Policy further contains the Exclusion of Bodily Injury to Passengers Endorsement (Form No. AF 000 1054 07-12), which provides in pertinent part:

| Endorsement Number | Inception Date 11/01/2022 | Expiration Date 11/01/2023 |
|---|---|---|
| Endorsement Effective | Policy Number CIP449197 | |
| Named Insured RELIANCE MEDICAL TRANSPORT, INC. | | |

The following is added to the EXCLUSIONS section of each of the above Coverage Parts or Forms:

This insurance does not apply to "bodily injury" which occurs while "occupying" an "auto".

For the purposes of this endorsement, "occupying" means in, upon, getting in, on, or getting out.

30. The Policy also contains the Aircraft, Auto or Watercraft Exclusion (Form No. AF000899 03-14), which provides, in pertinent part:

**SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2.** Exclusions, paragraph **(g.) Aircraft, Auto or Watercraft** is deleted and replaced with the following:

g.   **Aircraft, Auto or Watercraft**

This insurance does not apply to …

(2)   "Bodily injury" or "property damage" arising out of or in Connection with any "auto" unless as outlined below …

31. The Policy also includes Form No. AF-3380 (06/ 17), titled "Fraud, Concealment And Misrepresentation" Endorsement, which provides, in pertinent part:

A.   **FRAUD, CONCEALMENT AND MISREPRESENTATION FOR INCEPTION OF THIS POLICY**

This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy. You should review this information carefully because the truth of this information was of paramount importance in influencing our decision to issue this policy.

You, for all the insureds under this policy, do warrant the truth of such information to the best of your and their knowledge at the inception date of this policy.

> If such information is false or misleading, it may cause denial of coverage or voiding of the policy. In any such instance, there shall be no duty to defend or indemnify any insured.
>
> **B.   FRAUD, CONCEALMENT AND MISREPRESENTATION IN PRESENTING ANY CLAIM**
>
> With respect to all "insureds" covered under this policy and their representatives, we do not provide coverage if one or more "insureds" have:
>
> a)   Concealed or misrepresented any material fact or circumstance; or
> b)   Engaged in fraudulent or dishonest conduct relating to a claim.
>
> Any actions taken by an insured, or their representative, as outlined in this endorsement may cause a denial of coverage or voiding of the policy. In any such instance, there shall be no duty to defend or indemnify any insured. …

32.   The Policy also includes Form No. AF 98001 07/2012, titled "Punitive Damages Exclusion," which provides, in pertinent part:

> This insurance does not apply to punitive or exemplary damages, fines or penalties. If a covered "suit" is brought against the Insured, seeking both compensatory and punitive or exemplary damages, fines, or penalties, then we will afford defense to such action, without liability, for such punitive or exemplary damages, fines or penalties. …

## RELIANCE'S APPLICATION FOR INSURANCE

33.   In applying for the Policy, Reliance executed an application for insurance, a copy of which is attached as **Exhibit C**. The application identifies Reliance as the named insured, and further identifies Reliance as a corporation. **Ex. C**.

- 13 -

34. AMS is not identified in any insurance application, nor is AMS listed as an insured, additional insured, or additional insured interest in any insurance application. **Ex. C**.

35. At the time the Policy was issued, Atain was unaware that Reliance did not actual exist as a South Carolina corporation, despite being held out as such in its insurance application.

36. Additionally, Reliance never identified AMS as a South Carolina corporation, or that AMS was doing business as "Reliance Medical Transport, Inc." in any of its insurance applications. **Ex. C**.

## COUNT I – DECLARATORY JUDGMENT
## BODILY INJURY TO PASSENGERS EXCLUSION

37. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 37.

38. The *Zepp* Complaint alleges that Zepp suffered bodily injury while occupying an auto. Specifically, Zepp's alleged bodily injuries occurred while she was getting in an "auto."

39. Under the Policy's "Bodily Injury To Passengers" Exclusion, there is no coverage for "bodily injury" to any person while "occupying" an "auto."

40. The "Bodily Injury To Passengers" Exclusion defines "occupying" to include "getting in" an "auto."

41. The medical transportation vehicle owned and operated by Reliance is an "auto."

42. Accordingly, there is no coverage under the Policy for Zepp's alleged bodily injuries.

### COUNT II – DECLARATORY JUDGMENT
### AUTO EXCLUSION

43. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 43.

44. There is no coverage for the *Zepp* Lawsuit because the alleged incident arose out of or was in connection with an "auto."

45. Under the Policy, there is no coverage for "bodily injury" arising out of in any way in connection with an "auto."

47. At the time of the alleged incident in the *Zepp* Lawsuit, Reliance and its employees were using the "auto" in that they were attempting to place Zepp into the auto.

48. Accordingly, there is no coverage under the Policy for the *Zepp* Lawsuit under the Policy's Auto Exclusion.

## COUNT III – DECLARATORY JUDGMENT
## AMS IS NOT AN INSURED

49. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 49.

50. AMS is not a named insured under the Policy. **Ex. A, Declarations, Supp. Declarations**.

51. AMS was not identified as an insured or additional insured in any application for insurance submitted to Atain. **Ex. C**.

52. Accordingly, AMS does not qualify as an insured under the Policy and Atain has no obligation to defend or indemnify AMS for the *Zepp* Lawsuit.

## COUNT IV – DECLARATORY JUDGMENT
## FRAUD AND MISREPRESENTATION ENDORSEMENT

53. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 53.

54. In applying for insurance, Reliance never identified that it was a fictitious name and not a corporation.

55. In applying for insurance, Reliance never identified AMS as the true corporate entity that should have been identified on the Policy.

56. Slocum never identified Reliance as a fictitious name he was conducting business as an individual.

57. Reliance's failure to identify itself as a fictitious name and not a corporation, and its failure to identify AMS as the true corporate entity, or to name AMS on any application for insurance were false or misleading.

58. Under the Policy's "Fraud, Concealment And Misrepresentation" Endorsement, there is no coverage, and Atain has no obligation to defend or indemnify any insured in the *Zepp* Lawsuit for any false or misleading statements in its insurance application.

## COUNT V- DECLARATORY JUDGMENT
## PUNITIVE DAMAGES EXCLUSION

59. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 59.

60. Hobbs is seeking punitive damages in the *Zepp* Lawsuit.

61. Under the Policy's Punitive Damages Exclusion, there is no coverage for any award of punitive or exemplary damages, fines, or penalties.

62. Accordingly, Atain has no duty to indemnify Reliance, Slocum, or AMS for any award of punitive damages entered against them in the *Zepp* Lawsuit.

## COUNT VI – DECLARATORY JUDGMENT
## MISCELLANEOUS POLICY PROVISIONS

63. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 32 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this Paragraph 63.

64. Atain fully incorporates each and every term, condition, exclusion and endorsement contained in the Policy attached as **Ex. A**.

65. To the extent any other such incorporated term, condition, exclusion, or endorsement eliminates or reduces coverage, Atain asserts it as an additional grounds that it has no obligation to defend Reliance, Slocum, and AMS for the *Zepp* Lawsuit, or to indemnify Reliance, Slocum, and AMS, in whole or in part for the *Zepp* Lawsuit.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, requests that this Court:

A. Take jurisdiction over the parties and subject matter of this declaratory judgment action;

B. Declare that Atain has no obligation to defend or indemnify Reliance, Slocum, and/or AMS for the *Zepp* Lawsuit under the Policy;

C. Alternatively, declare that if Atain has an obligation to defend and indemnify Reliance, Slocum, and/or AMS, that it is not obligated to afford coverage to Reliance, Slocum, or AMS for any punitive damages that may be awarded against them in the *Zepp* Lawsuit; and

D. Award Atain costs, and any further relief that this Court deems equitable and just.

          Respectfully submitted,

          COOPER │ TIERNEY

          */s/ M. Linsay Boyce*
          Lindsey W. Cooper Jr. (Fed. ID No. 9909)
          M. Linsay Boyce (Fed. ID No. 11952)
          Dustin J. Pitts (Fed. ID No. 13511)
          36 Broad Street, 3rd Floor
          Charleston, SC  29401
          P: 843-375-6622
          F: 843-375-6623
          E-mail: lwc@coopertierney.com
          E-mail: linsay@coopertierney.com
          E-mail: djp@coopertierney.com
          *Attorneys for Atain Spec. Ins. Co.*

Dated: July 25, 2025
Charleston, South Carolina